IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GUSTAVO JULIAN GARCIA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| *Respondent*. | § | |

# APPLICATION FOR APPOINTMENT OF COUNSEL
# IN DEATH PENALTY CASE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, GUSTAVO JULIAN GARCIA, Petitioner, and asks the Court to appoint counsel to represent him in federal habeas corpus proceedings pursuant to The USA Patriot Improvement and Reauthorization Act of 2005, 18 U.S.C. § 3599 (2008).

## I
## OVERVIEW

This is a death penalty case.  Having exhausted appeals in the state of Texas, death row inmate Gustavo Garcia seeks to file a federal application for writ of habeas corpus.  No execution date has yet been set.

## II
## STATEMENT OF PROCEDURAL HISTORY

Gustavo Julian Garcia was convicted of capital murder in the 366th District Court of Collin County in 1991 and sentenced to death.  On December 21, 1994, the Texas Court of Criminal Appeals reversed his conviction and ordered a new trial.  Following a change in judges as a result of elections, the court vacated its opinion on March 27, 1996 and affirmed his conviction.  *Garcia v. State,* 919 S.W.2d 370 (Tex. Crim. App. 1994), *rev'd on reh'g*, 919 S.W.2d 370 (Tex. Crim. App. 1996).

Garcia's first state application for writ of habeas corpus was filed April 20, 1997, and supplemented July 24, 1997.  (*See* Petitioner's [State] Record Excerpts ("P.R.E.") at tab 12.)  On December 31, 1998, the application was denied by the state trial court.  (*See* P.R.E. at tab 13.)  The file and report of the district judge were transferred to the Court of Criminal Appeals.

On February 10, 1999, the Court of Criminal Appeals denied Garcia's state application for writ of habeas corpus.  *Ex Parte Garcia*, Writ No. 40,214-01 (Tex. Crim. App. 1999) (unpublished) (*See* P.R.E. at tab 1).  The trial court set his execution date for March 31, 1999.

In March 1999, new lawyers for Garcia filed in the Sherman Division of the Eastern District of Texas a motion for their appointment as counsel and a motion to stay the execution.  The case was assigned to the Beaumont Division in accordance with the rotating assignment procedure of death penalty appeals in the Eastern District.  *See Garcia v. Dretke*, No. 1:99cv134 (E.D. Tex. 1999). Judge Schell granted the appointment of counsel and stayed Garcia's execution.

The federal petition for writ of habeas corpus was timely filed August 21, 1999.  In 2000 the Texas Attorney General, John Cornyn, confessed error in nine death cases, including Garcia's.  The

error involved the use of a psychologist who testified for the state that one factor predictive of future dangerousness is the defendant's race, and that Garcia's Hispanic ethnicity portended future violence. Parties agreed that this allegation violated the Fourteenth Amendment Equal Protection Clause. The District Court vacated Garcia's sentence and remanded to state court for a new trial on sentencing.

The state trial court in Collin County appointed attorneys and a jury trial was conducted February and March 2001. On March 10, 2001, the jury answered special issues favoring execution, and on March 23, 2001, Garcia was again sentenced to death. His sentence was automatically appealed to the Court of Criminal Appeals ("CCA"), which affirmed Garcia's sentence November 12, 2003. *See Garcia v. State*, No. 71,417, 2003 WL 22669744 (Tex. Crim. App. Nov. 12, 2003), *cert. denied*, 543 U.S. 855 (2004). The CCA denied Garcia's motion for rehearing February 18, 2004.

Garcia filed a petition for writ of *certiorari* with the U.S. Supreme Court, which denied *certiorari* October 4, 2004. *Garcia v. Texas*, No. 03-10873, 543 U.S. 855 (Oct. 4, 2004). His motion for rehearing was denied November 15, 2004. *Id.* at 995.

Garcia filed a timely state application for writ of habeas corpus April 15, 2003. A visiting judge appointed to the case signed findings and conclusions February 12, 2008 recommending denial. The CCA adopted the trial court's F&Cs October 15, 2008 and denied relief. *Ex Parte Garcia,* No. 40, 214-02 (Tex. Crim. App. Oct. 15, 2008).

Since 1991 Garcia has been confined on death row, first in the Ellis Unit, now in the Polunsky Unit in Livingston, by the Director of the Texas Department of Criminal Justice.

# III
# APPOINTMENT OF COUNSEL IS REQUIRED

Garcia is indigent.  He has been on death row since 1991.  He has no income.  He owns no assets which can be converted into cash.  He has no means by which to hire a lawyer.  Garcia requests appointment of counsel to prepare and file on his behalf a federal habeas corpus application.

Congress has authorized counsel in capital habeas litigation.  The USA Patriot Improvement and Reauthorization Act of 2005, 18 U.S.C. § 3599 (2008), which replaced a similar provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 21 U.S.C. § 848(q), provides:

*Counsel for financially unable defendants.*

(a)(1) Notwithstanding any other provision of law to the contrary, in every criminal action in which a defendant is charged with a crime which may be punishable by death, a defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services at any time either —

(A) before judgment; or

(B) after the entry of a judgment imposing a sentence of death but before the execution of that judgment;

shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

(2) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

(b) If the appointment is made before judgment, at least one attorney so appointed must have been admitted to practice in the court in which the prosecution is to be tried for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court.

*Application for Appointment of Counsel in Death Penalty Case*
*Gustavo Garcia v. Quarterman*
*Page 4*

( c ) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

(d) With respect to subsections (b) and ( c ), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

(e) Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

USA Patriot Improvement and Reauthorization Act of 2005, 18 U.S.C. § 3599 (2008) (Added Pub.L. 109-177, title II, Sec. 222(a), Mar. 9, 2006, 120 Stat. 231.)

## IV
## REQUEST FOR COUNSEL

Garcia respectfully requests the appointment of James W. Volberding of Tyler, as lead counsel, and John Wright of Huntsville, as co-counsel. Mr. Volberding has represented Garcia since his appointment by Judge Schell in 1999. The résumés of both attorneys are attached. They have considerable capital habeas experience and ample hours of capital CLE. They satisfy the experience requirements of the USA Patriot Act.

Appointment of Mr. Wright as co-counsel would be appropriate. Garcia raised 83 claims in his state habeas application. While not all of these will be carried to this Court, it will take two lawyers to divide the issues for briefing.

*Application for Appointment of Counsel in Death Penalty Case*
*Gustavo Garcia v. Quarterman*
*Page 5*

**V**
## REQUEST FOR LEAVE TO PROCEED
## WITHOUT PAYMENT OF COSTS

Garcia requests leave to proceed *in forma pauperis* without payment of filing fees, subpoena

costs, or other court costs.

WHEREFORE, PREMISES CONSIDERED, the Petitioner asks the Court to appoint Mr.

James W. Volberding and Mr. John Wright to write and file a federal application for writ of habeas

corpus, and for all other relief to which he may be entitled.

Respectfully submitted this 27 day of November 2008,

*James W. Volberding*

_____

**JAMES W. VOLBERDING**
**SBN: 00786313**

**Plaza Tower**
**110 North College Avenue**
**Suite 1850**
**Tyler, Texas 75702**

**(903) 597-6622 (Office)**
**(903) 597-5522 (fax)**
*e-mail: volberding@attglobal.net*

*John E. Wright*

_____

**JOHN E. WRIGHT**
**SBN: 20048500**

**Law Office of John E. Wright, P. C.**
**P. O. Box 6547**
**Huntsville, Texas 77342-6547**
**(936) 291-2211 Voice**
**(832) 201-0463  Fax**

*e-mail: wright49@swbell.net*

## CERTIFICATE OF CONFERENCE

I certify that I communicated with the assigned Asst. Attorney General for the State of Texas, Fredericka Sargent, prior to filing this motion.  She indicated that she had no objection to this application.

*James W. Volberding*
_____
JAMES W. VOLBERDING

## VERIFICATION

BEFORE ME the undersigned authority this date appeared personally JAMES W. VOLBERDING, who after being sworn by me did state upon his oath the following:

My name is JAMES W. VOLBERDING.  I am a licensed attorney in Texas. I have reviewed the foregoing Motion and state under oath that the facts contained in it are true and correct.

I am personally familiar with Mr. Garcia's financial condition.  I have represented him since 1999.  He has been on death row since 1991 and obvious has no source of income there.  He has no income whatsoever.  He has no stocks, bonds, bank accounts, jewelry, cash, real estate, or any other property which could be sold to pay any portion of the costs necessary for his appeals in the federal courts.  His only close relative is his mother and she does not have the money to retain capital counsel.

*James W. Volberding*
_____
**JAMES W. VOLBERDING**

SUBSCRIBED AND SWORN TO BEFORE ME ON the 27 day of November 2008.

_____
Notary Public in and for
The State of Texas
County of Smith

My Commission Expires: _____

*Application for Appointment of Counsel in Death Penalty Case*
*Gustavo Garcia v. Quarterman*
*Page 7*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of this pleading has been delivered this 27 day of November 2008 to:

Ms. Fredericka Sargent  
Office of the Attorney General                           *Counsel for the State*  
Capital Litigation Division  
P.O. Box 12548, Capitol Station  
Austin, TX 78711-2548  
(512) 936-1600 (voice)  
(512) 320-8132 (fax)  

by the following means:

| | |
|---|---|
| \_\_\_\_\_ | By U.S. Postal Service Certified Mail, R.R.R. |
| _X\_\_\_ | By First Class U.S. Mail on Dec. 1, 2008 |
| \_\_\_\_\_ | By Special Courier _____ |
| \_\_\_\_\_ | By Hand Delivery |
| \_\_\_\_\_ | By Fax before 5 p.m., |
| \_\_\_\_\_ | By Fax after 5 p.m. |
| _X\_\_\_ | By Email at Fredericka.Sargent@oag.state.tx.us on Nov. 27, 2008 |

*James W. Volberding*

_____  
JAMES W. VOLBERDING